JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA MANDEL, on behalf of himself, all others similarly situated, and the general public,<br><br>Plaintiff,<br><br>v.<br><br>MARATHON PETROLEUM COMPANY LP, a Delaware limited partnership; TESORO REFINING & MARKETING COMPANY LLC, a Delaware limited liability company; TREASURE FRANCHISE COMPANY LLC, a Delaware limited liability company; and JOHN DOES 1-10,<br><br>Defendants. | Case No.: 2:24-cv-09647-MEMF-SSC<br><br>**ORDER GRANTING MOTION TO REMAND [ECF NO. 11]** |

Before the Court is the Motion to Remand filed by Plaintiff Joshua Mandel. ECF No. 11. For the reasons stated herein, the Court hereby GRANTS the Motion to Remand.

/ / /

/ / /

## I. Background

### A. Factual Allegations[1]

Plaintiff Joshua Mandel ("Mandel") is a resident of California. FAC ¶ 15. Defendants are Marathon Petroleum Company LP, Tesoro Refining & Marketing Company LLC, and Treasure Franchise Company LLC (collectively, "Defendants"). Defendants are entities formed in Delaware with principal places of business in Ohio. Notice of Removal ¶ 10, ECF No. 1 ("NOR").

Mandel purchased gasoline at an ARCO in Woodland Hills, California in September of 2024. FAC ¶ 28. He was charged an additional $0.35 on his purchase because he paid with a VISA debit card. *Id.* The ARCO price sign showed prices when paying with cash or credit but did not show the added fee for paying with a debit card. *Id.*

### B. Procedural History

Mandel brought one cause of action under California's Unfair Competition Law ("UCL") in Los Angeles County Superior Court on October 7, 2024. NOR ¶ 1. Mandel alleges that Defendants are "violating California gasoline-pricing laws when charging a higher price for gasoline purchased with PIN debit cards," in violation of Cal. Bus. Prof. Code §§ 17200 *et. seq.* ECF No. 11 ("Motion" or "Mot.") at 2. Mandel seeks class certification, restitution for himself and class members, public injunctive relief, and attorneys' fees and costs. FAC at Prayer for Relief.

Defendants timely removed the action to this Court on November 7, 2024, on diversity jurisdiction grounds pursuant to the Class Action Fairness Act ("CAFA"). *See* NOR ¶ 3.

Mandel filed this Motion on November 25, 2024. *See* Mot. On December 20, 2024, Defendants filed their Opposition to Mandel's Motion. *See* ECF No. 14 ("Opp'n"). On December 26, 2024, Mandel filed a Reply in support of the Motion. *See* ECF No. 15 ("Reply"). On February 26, 2025, the parties submitted to the Court's tentative order. ECF No. 23.

///

///

---

[1] The following factual allegations are derived from the allegations in Mandel's First Amended Complaint, ECF No. 4 ("FAC"), except where otherwise indicated. The Court makes no finding on the truth of these allegations and includes them only as background.

## II. Applicable Law

Federal courts are "courts of limited jurisdiction" and "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court over which the district courts of the United States have original jurisdiction, may be removed by the defendant." 28 U.S.C. § 1441(a). The Class Action Fairness Act ("CAFA") gives federal courts original jurisdiction over certain class actions when: (1) the aggregate number of members in the proposed class is 100 or more; (2) the amount in controversy exceeds the sum or value of $5 million; and (3) the parties are minimally diverse. 28 U.S.C. §§ 1332(d)(2), (5)(b). Congress enacted CAFA to "provid[e] for Federal court consideration of interstate cases of national importance under diversity jurisdiction." *Jauregui v. Roadrunner Transp. Servs., Inc.*, 28 F.4th 989, 992 (9th Cir. 2022) (citing Class Action Fairness Act, Pub. L. No. 109-2, § 2, 119 Stat. 4 (2005)). Thus "no antiremoval presumption attends cases invoking CAFA." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

## III. Discussion

The parties do not appear to dispute that subject matter jurisdiction under CAFA is proper in this case.[2] *See* Mot., Reply. Instead, they dispute whether this Court possesses Article III jurisdiction or equitable jurisdiction, and whether, if the Court lacks jurisdiction, the Court should remand rather than dismiss Mandel's claims. Mandel advances two arguments in support of the Motion. First, he argues this Court lacks Article III jurisdiction over his claims because he "does not allege that [he] faces an actual or imminent threat of future harm." Mot. 2. Second, Mandel asserts that this Court lacks federal equitable jurisdiction to award restitution because he fails to allege he lacks an

---

[2] The removed action is a class action. NOR ¶ 6. CAFA's minimal diversity requirement is met, as Mandel is a resident of California, members of the putative class are likely residents and citizens of California, and Defendants are Delaware entities with principle places of business in Ohio. *Id.* ¶¶ 9-10. Finally, Defendants contend the amount in controversy exceeds CAFA's requirement, as Mandel seeks restitution of the ATM fee on each transaction made with a debit card and Defendants operate 775 ARCO stations in Southern California. *Id.* ¶¶ 15-19. Defendants allege, "[g]iven the high number of locations, the high-volume nature of gasoline sales, and the relevant time period for the alleged claims, the amount in controversy clearly exceeds the value of $5,000,000. *Id.* at ¶ 19. Mandel does not dispute the amount in controversy. *See* Mot.

adequate remedy at law. *Id*. Mandel argues that both jurisdictional defects require that this Court remand this case to the district court, rather than retain jurisdiction and dismiss on the merits. *Id.*

For the reasons stated herein, the Court finds it lacks both Article III jurisdiction over Mandel's claim for a public injunction and equitable jurisdiction over his claim for restitution. The Court also finds that remand is appropriate given the jurisdictional defects at issue.

### A. Mandel Lacks Article III Standing

Mandel asserts he lacks Article III standing because he has not alleged risk of imminent harm and, as a result, this Court does not have jurisdiction over his claim for injunctive relief. Mot. 2. Defendants respond that CAFA jurisdiction is proper and "remand for lack of subject matter jurisdiction is not warranted." Opp'n 3. For the following reasons, the Court finds Mandel lacks Article III standing to pursue his claim for injunctive relief in this Court.

"The Constitution limits Article III federal courts' jurisdiction to deciding 'cases' or 'controversies.'" *Oklevueha Native Am. Church of Haw., Inc. v. Holder*, 676 F.3d 829, 835 (9th Cir. 2012) (quoting U.S. Const. art. III, § 2). The standing doctrine is "an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defs. Of Wildlife*, 504 U.S. 555, 560 (1992). To establish Article III standing, "a plaintiff must demonstrate (i) that she has suffered or will likely suffer an injury in fact, (ii) that the injury likely was caused or will be caused by the defendant, and (iii) that the injury likely would be redressed by the requested judicial relief." *Food and Drug Admin. v. All. for Hippocratic Med.*, 602 U.S. 367, 380 (2024). "For injunctive relief, which is a prospective remedy, the threat of injury must be 'actual and imminent, not conjectural or hypothetical.'" *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 967 ((9th Cir. 2018) (quoting *Summers v. Earth Island Inst.*, 555 U.S. 488 at 493 (2009)). "Where standing is premised entirely on the threat of repeated injury, a plaintiff must show 'a sufficient likelihood that he will again be wronged in a similar way.'" *Id*. (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95 at 111).

Because Mandel seeks a public injunction, there must be a "sufficient likelihood" he will "again be wronged in a similar way" in order to establish Article III standing. *Id.* Mandel and Defendants disagree on the holding of a Ninth Circuit precedent regarding this issue. In *Davidson v. Kimberly-Clark Corp.*, the Ninth Circuit resolved an open question in this Circuit as to "what extent

a previously deceived consumer who brings a false advertising claim can allege that her inability to rely on the advertising in the future is an injury sufficient to grant her Article III standing to seek injunctive relief." 889 F.3d at 967. In that case, the plaintiff purchased Scott brand wipes that were marketed as "flushable" on the package. *Id.* at 961. She later discovered these flushable wipes caused widespread damage to plumbing systems. *Id.* at 962. She alleged that she desired to purchase the wipes again and would do so "if it were possible to determine prior to purchase if the wipes were suitable to be flushed." *Id.* at 962. As in the instant case, she sought class certification and brought her claims under the UCL, seeking restitution and injunctive relief. *Id.* The district court granted the defendant's motion to dismiss the injunctive relief claims, finding the plaintiff "lacked standing to seek injunctive relief because she was unlikely to purchase Kimberly-Clark's flushable wipes in the future." *Id.* at 963.

On appeal, the Ninth Circuit resolved the district court split "in favor of plaintiffs seeking injunctive relief." *Id.* at 969. The Court held "a previously deceived consumer *may* have standing to seek an injunction against false advertising or labeling, even though the consumer now knows or suspects that the advertising was false at the time of the original purchase." *Id.* (emphasis added). The Court reasoned, "*[in] some cases*, the threat of future harm may be the consumer's plausible allegations that she will be unable to rely on the product's advertising or labeling in the future, and so will not purchase the product although she would like to." *Id.* at 969-70 (emphasis added). The Court found the plaintiff plausibly alleged a likelihood of imminent injury sufficient to establish Article III standing to assert a claim for injunctive relief, based upon the specific allegations the plaintiff made, namely "that she 'continues to desire to purchase wipes'; 'would purchase truly flushable wipes manufactured by [the defendants] again'; 'regularly visits stores . . . where [the defendants] 'flushable' wipes are sold'; and is continually presented with [the defendant's] flushable wipes packaging but has 'no way of determining whether the representation 'flushable' is in fact true.'" *Id.* at 971–72.

Mandel has failed to set forth adequate allegations that he "faces an imminent or actual threat of future harm caused by [Defendants'] allegedly false advertising." *Id.* at 970. He has not alleged that he desires to purchase Defendants' gas again nor has he alleged he regularly visits Defendants'

gas stations or that he would purchase gas from Defendants if he could determine whether their representations about their pricing were true. Defendants point to Mandel's claims that he is a California resident and "Californians who are potential customers of Defendants are susceptible to future harm," but it is plain under *Davidson* that this is not enough. Opp'n 4 (citing FAC ¶¶ 15, 39). As the "master of the complaint," Mandel may plead that he does not face a threat of future injury because "he is now aware of the defendant's unfair and unlawful business practices." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 398-99; Mot. 3. Therefore, under *Davidson*, Mandel does not have Article III standing.

Having determined that Mandel does not have Article III standing to pursue his claim for a public injunction under the UCL in federal court, this Court then turns to the question of whether remand is appropriate or whether this standing issue is more properly handled on a motion to dismiss. The Ninth Circuit answered this question in *Polo v. Innoventions International, LLC*: even where a matter is properly removed to federal court under CAFA, where a plaintiff lacks Article III standing, the removed case must be remanded. 833 F.3d 1193, 1196. Dismissing a case under these circumstances is error. *Id.* ("[R]emand is the correct remedy because a failure of federal subject-matter jurisdiction means only that the *federal* courts have no power to adjudicate the matter. State courts are not bound by the constraints of Article III.")

### B. This Court Lacks Equitable Jurisdiction

Mandel next argues this Court lacks federal equitable jurisdiction over his claims for restitution because he does not allege he lacks an adequate remedy at law. *See* Mot. 4. Mandel further contends California law permits him to seek equitable relief under the UCL without meeting the adequate-remedy-at-law requirement necessary for equitable relief in federal court. Mot. 4. Defendants respond that failure to allege an inadequate remedy does not deprive this Court of subject matter jurisdiction over Mandel's claims for equitable relief. *See* Opp'n 5. For the following reasons, the Court holds it does not have federal equitable jurisdiction to grant Mandel's claim for restitution under California's UCL.

"In order to entertain a request for equitable relief, a district court must have equitable jurisdiction, which can only exist under federal common law if the plaintiff has no adequate legal

remedy." *Guzman v. Polaris Indus. Inc.*, 49 F.4th 1308, 1313 (9th Cir. 2022); *Guaranty Trust Co. of N.Y. v. York*, 326 U.S 99, 105 ("Equitable relief in a federal court is of course subject to restrictions . . . a plain, adequate, and complete remedy at law must be wanting."). Equitable jurisdiction and subject matter jurisdiction are two distinct inquiries. "Subject matter jurisdiction regards 'whether the claim falls within the limited jurisdiction conferred on the federal courts' by Congress, while equitable jurisdiction regards 'whether consistently with the principles governing equitable relief the court may exercise its remedial powers.'" *Guzman*, 49 F.4th at 1314 (citing *Schlesinger v. Councilman*, 420 U.S. 738, 754 (1975)).

Defendants insist Mandel misreads the closest Ninth Circuit precedent on this issue. In *Sonner v. Premier Nutrition Corp.*, the plaintiff sought injunctive relief and restitution under California's UCL and damages under the Consumer Legal Remedies Act ("CLRA"). 971 F.3d 834, 838 (9th Cir. 2020). When the plaintiff dismissed her damages claim on the eve of her jury trial, the district court granted the defendant's motion to dismiss on the grounds that an adequate remedy at law – her initial claim for damages – was available. *Id.* at 837. The Ninth Circuit affirmed the district court's dismissal, holding that "a federal court must apply traditional equitable principles before awarding restitution under the UCL and CLRA." *Id.* at 841. The Court reasoned that the plaintiff had an adequate legal remedy in her CLRA claims. *Id.* Referencing the Supreme Court's decision in *Guaranty Trust Co. of N.Y. v. York*, the Court affirmed the limited role of federal courts sitting in equity: "[E]ven if a state authorizes its courts to provide equitable relief when an adequate legal remedy exists, such relief may be unavailable in federal court because equitable remedies are subject to traditional equitable principles unaffected by state law." *Id.*

Recent Ninth Circuit authority affirms this principle. In *Guzman v. Polaris Indus. Inc.*, the Court held the plaintiff's claim for equitable relief under the UCL was precluded because he had an adequate remedy at law for damages. 49 F.4th at 1308. In that case, the plaintiff alleged violations of California's UCL, False Advertising Law ("FAL") and CLRA against the defendant for using an allegedly false and misleading label on its vehicles. *Id.* at 1311. The district court granted summary judgment to the plaintiff, concluding that he could only seek an equitable remedy under the UCL if he lacked an adequate legal remedy. *Id.* Because he had an adequate legal remedy through his CLRA

claim for damages (even though that claim was ultimately dismissed as time-barred), the district court held that he did not lack an adequate remedy at law. *Id.* The Ninth Circuit affirmed, holding that because the plaintiff "had an adequate legal remedy . . . the district court lacked equitable jurisdiction to hear [his] UCL claim." *Id.*

*Guzman* and *Sonner* make clear that district courts have equitable jurisdiction to grant restitution under the UCL only where plaintiffs lack an adequate remedy at law. However, neither case is on all fours with the instant case because unlike the plaintiffs in those cases, Mandel chooses not to bring damages claims pursuant to the CLRA or FAL. *Id.* He specifically alleges he does *not* lack an adequate remedy at law. Mot. 4. There appears to be no precedent governing this precise issue: if a federal court cannot grant equitable relief where adequate remedies at law exist, is the same true where a plaintiff affirmatively pleads that they do have adequate remedies at law they simply choose not to bring?[3]

"In federal courts, as in others, a plaintiff has a right to choose whether he will seek to enforce a legal or an equitable cause of action and whether he will seek legal or equitable relief. He makes his election and proceeds at law or in equity at his peril." *Twist v. Prairie Oil & Gas Co.*, 274 U.S. 684, 689 (1927). Mandel pursues his claims under California's UCL, which "provides only for equitable remedies." *Hodge v. Super. Ct.*, 145 Cal.App.4th 278, 284 (2006). The UCL "does not itself authorize an award of damages or attorney's fees." *Cal. Med. Assn. v. Aetna Health of Cal., Inc.*, 14 Cal.5th 1075, 1085 (2023); *see also* Cal. Bus. & Prof. Code § 17203. While a "complete remedy at law must be wanting" to seek equitable relief in federal court, that would not be so if Mandel were pursuing his UCL claims in a California state court. *Guaranty Trust Co.*, 326 U.S. at 105. This is because the equitable remedies of the UCL are not exclusive; they "are cumulative to each other and to the remedies or penalties available under all other laws of this state." Cal. Bus. & Prof. Code § 17205; *see also Cal. Med. Assn.*, 14 Cal. 5th at 1085. That is to say, in California, restitution is itself an adequate remedy under the UCL. Therefore, this Court does not have equitable

---

[3] Both parties point to a district court split on this issue and cite a plethora of opinions in support of their relative positions. *See* Opp'n 6-8; Mot. 5-6; Reply 4-6.

1  jurisdiction to adjudicate Mandel's claim for restitution because he does not lack an adequate
2  remedy at law, and he pleads as much.
3        Defendants appear to concede this Court lacks equitable jurisdiction, emphasizing instead
4  that "the Ninth Circuit has never held that a failure to allege an inadequate legal remedy deprives a
5  court of *subject matter jurisdiction* over claims for equitable relief." Opp'n 5. However, the Ninth
6  Circuit has directly instructed that, while subject matter jurisdiction and equitable jurisdiction are
7  separate inquiries, "both are required for a federal court to hear the merits of an equitable claim."
8  *Guzman*, 49 F.4th at 1314. Thus, the Court finds it lacks equitable jurisdiction, even where subject
9  matter jurisdiction is present.
10       The only issue remaining before the Court, then, is whether dismissal or remand is the proper
11 course of action given the deficiency in equitable jurisdiction. In *Twist v. Prairie Oil & Gas Co.*, the
12 Supreme Court explained that a "suit[] removed from a state court . . . is remanded to the state court
13 where the equitable relief sought, although beyond the equitable jurisdiction of the federal court,
14 may be granted by the state court." 274 U.S. at 690–91. In this case, Mandel's requested relief can
15 be granted in state court. Indeed, as noted above, California has expressly provided for only
16 equitable relief under the state's UCL. *See* Cal. Bus. & Prof. Code § 17203.
17       While not determinative in its decision in *Davidson*, the Ninth Circuit noted that "[a]llowing
18 a defendant to undermine California's consumer protection statutes . . . simply by removing a case
19 from state court is an unnecessary affront to federal and state comity." *Davidson*, 889 F.3d at 970
20 (internal quotation marks omitted) (citing *Machlan v. Procter & Gamble Co.*, 77 F.Supp.3d 954, 961
21 (N.D. Cal. 2015)). This seems especially true where, as here, equitable remedies are "the primary
22 form of relief available under the UCL to protect consumers from unfair business practices." *In re*
23 *Tobacco II Cases*, 46 Cal. 4th 298, 319 (2009); *see also McGill v. Citibank, N.A.*, 2 Cal. 5th 945, 951
24 (2017) (noting public injunctive relief under the UCL "has the primary purpose and effect of
25 prohibiting unlawful acts that threaten future injury to the general public"). Dismissal of Mandel's
26 claim for restitution effectively bars him from pursuing just the type of relief California has
27 expressly authorized. It would be an "unwarranted intrusion into California's interests and laws" to
28 prevent plaintiffs from pursuing equitable remedies to which they are entitled under California law.

*Davidson*, 889 F.3d at 970. "[W]here federal law bars us from considering the merits of state-law claims, we also lack authority to prevent state courts from doing so." *Guzman*, 49 F.4th at 1308. Thus, remand is most appropriate for Mandel's claim for restitution under California's UCL.

## IV. Conclusion

For the foregoing reasons, the Court hereby GRANTS Mandel's Motion and remands the case back to the Superior Court for the County of Los Angeles.

IT IS SO ORDERED.

Dated: February 27, 2025

MAAME EWUSI-MENSAH FRIMPONG

United States District Judge